UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALE MCKINNEY,

    Plaintiff,

v().  Case No: 2:12-cv-430-FtM-38DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Report and Recommendation of United States Magistrate Judge Douglas N. Frazier (Doc. #20) filed on January 13, 2014. Judge Frazier recommends that the decision of the Commissioner of Social Security ("Commissioner") be reversed and remanded pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). No objections have been filed. This matter is now ripe for review.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge, and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357, F.3d 1232. 1240 n.8 (11th Cir. 2004).

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a *de novo* review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667 (1980). When no timely and specific objections are filed, however, case law indicates that the court should review the findings using a clearly erroneous standard. Gropp v. United Airlines, Inc., 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

The Court has made an independent review of the record and Judge Frazier's Report and Recommendation. The Court agrees with Judge Frazier's findings. This matter is due to be reversed and remanded pursuant to 42 U.S.C. § 405(g) to determine whether Plaintiff could perform the full range of medium work, to make new credibility findings, and to determine if Plaintiff could return to his past relevant work as a deckhand.

Accordingly, it is now

**ORDERED:**

1. Report and Recommendation (Doc. #20) is **ADOPTED, CONFIRMED,** and **APPROVED** and is made a part of this Order for all purposes.

2. The decision of the Commissioner of Social Security is **REVERSED** and **REMANDED** for further administrative action consistent with this Report and Recommendation.

3. The Clerk is directed to enter judgment accordingly and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record