UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALE MCKINNEY,

    Plaintiff,

v.                                                   Case No:   2:12-cv-430-FtM-38DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court Plaintiff, Dale McKinney's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 23) filed on March 28, 2014. No response was filed to the Motion. Plaintiff is requesting $5,208.90 in attorney's fees and $142.50 for administrative work.

On January 13, 2014, this Court entered a Report and Recommendation (Doc. 20) recommending that this matter be reversed and remanded "to the Commissioner of Social Security pursuant to 42 U.S.C. §405(g) to determine whether Plaintiff could perform the full range of medium work, to make new credibility findings, and to determine if Plaintiff could return to his past relevant work as a deckhand." (Doc. 20, p. 13). On February 3, 2014, the Honorable Sheri Polster Chappell, United States District Judge entered an Order (Doc. 21) which adopted, confirmed, and approved the Report and Recommendation and reversed the decision of the Commissioner of Social Security and remanded the action for further administrative action consistent with the Report and Recommendation. (Doc. 21, p. 2-3).

In order for Plaintiff to receive an award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust.  28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  The Commissioner does not contest that Plaintiff met the requirements under EAJA and the Court determines that all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.  *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir. 1988).  The resulting fee carries a strong presumption that it is the reasonable fee.  *City of Burlington v. Daque,* 505 U.S. 557, 562 (1992).  Plaintiff's counsel expended 28.3 hours to date.  After reviewing the description of services provided, the Court determines that 28.3 hours is reasonable in this case. Plaintiff is also requesting 1.9 hours of administrative work.   The Court determines that 1.9 hours for administrative work is reasonable.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Determination of the appropriate hourly rate is thus a two-step process.  The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).  The prevailing market rates must be determined according to rates customarily charged for similarly complex

litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff is requesting an hourly rate of $184.06, and the Court determines that $184.06 per hour is an appropriate hourly rate. Plaintiff is also requesting an hourly rate of $75.00 per hour for administrative work. The Court determines that $75.00 per hour is an appropriate hourly rate for administrative work.

Plaintiff seeks $5,208.90 for attorney fees, and $142.50 for administrative work. The Court determines that 28.3 hours of attorney time at the hourly rate of $184.06 is reasonable. The Court also finds that 1.9 hours of administrative work at the hourly rate of $75.00 is reasonable. Therefore, the Court will recommend that Plaintiff be awarded the amount of $5,351.40.

Attached to the Unopposed Motion for Attorney's Fees is the Affidavit and Waiver of Direct Payment of EAJA Fees (Doc. 23-2), signed by Plaintiff. In the Affidavit and Waiver of Direct Payment of EAJA Fees (Doc. 23-2), Plaintiff waived direct payment of EAJA fees and assigned the fees to be paid directly to his attorney. (Doc. 23-2, ¶5).

**IT IS RESPECTFULLY RECOMMEDED:**

The Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 23) be **GRANTED,** and attorney fees and administrative staff fees in the amount of $5,351.40 be awarded to Plaintiff, and may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 15, 2014.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties